IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN GRAVES<br><br>Plaintiff,<br><br>v.<br><br>WILLIAMSON COUNTY,<br>EMERGI-TRUST, P.C.<br><br>Defendants. | No. 3:10-cv-01177<br>JUDGE HAYNES |

# MEMORANDUM

Plaintiff, Kevin Graves, filed this action under 42 U.S.C. § 1983 against Defendants Williamson County and Emergi-Trust, P.C. Plaintiff's specific claim is that the Defendants violated Plaintiff's rights under the Eighth Amendment by their deliberate indifference to Plaintiff's serious medical needs caused by his confinement in a Williamson County Jail and his paraplegic condition.

Before the Court is Defendant Emergi-Trust P.C.'s motion for summary judgment, (Docket Entry No. 19), contending that the undisputed facts prove that Defendant Emergi-Trust was not deliberately indifferent to Plaintiff's medical condition.

Plaintiff has not responded to Emergi-Trust P.C.'s motion for summary judgment.[1] Under Local Rule 7.01(b), a lack of response is construed to mean there is no opposition. Based upon Plaintiff's lack of response, the Court adopts the undisputed facts submitted by Emergi-Trust. See Guarino v. Brookfield, 980 F.2d 399, 404 (6th Cir. 1992); Local Rule 56.01(g).

---

[1]Under Local Rule 56.01, the respondent has 21 days to file a response to a motion for summary judgment. The Plaintiff, who is represented by counsel, failed to do so. A response to Defendant's motion for summary judgment, filed March 8, 2011, was due by March 29, 2011.

## 1. FINDINGS OF FACT[2]

On March 31, 2010, an employee of Emergi-Trust, P.C provided Plaintiff Kevin Graves medical treatment at Williamson Medical Center's emergency department. (Docket Entry No. 21, Russell Affidavit at ¶ 7). Plaintiff had rib and back injuries. Id. The treatment involved a physical examination, X-ray and CT scans, IV fluids and the insertion of a urinary catheter. (Docket Entry No. 21, Russell Affidavit at ¶ 9). Dr. George J. Cooper, the attending physician, noted that Plaintiff should be started on Depakote, his seizure medicine. (Docket Entry No. 1, Complaint at ¶ 7). At the time of his release from Williamson Medical Center, Plaintiff was given instructions on how to take his prescribed medications and a referral for follow-up care. (Docket Entry No. 21, Russell Affidavit at ¶ 10). Yet, Plaintiff does assert that upon return to the Williamson County Jail, he did not receive his prescription medicine.

Defendant Emergi-Trust is under contract with Williamson County to staff the emergency department at Williamson Medical Center with physicians. Id. at ¶ 6. During the relevant time period, Defendant Emergi-Trust did not have a contract to provide medical care for prisoners incarcerated in the Williamson County Correctional facility. Id.

## 2. CONCLUSIONS OF LAW

Summary judgment is appropriate where the moving party shows there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co. 791 F.2d 43, 46 (6th Cir. 1986). However, where, as here, the non-moving party does not formally

---

[2] Defendant filed contemporaneously with its motion for summary judgment a statement of undisputed facts, (Docket Entry No. 22), in accordance with Local Rule 56.01(b). Plaintiff has not filed a response to Defendant's statement of undisputed fact. Accordingly Defendant's proffered statements of fact are undisputed for purposes of summary judgment.

oppose the motion for summary judgment, a court may "grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

In a Section 1983 claim, the Defendant must be a person acting under the color of state law in depriving a citizen of their constitutional rights. 42 U.S.C § 1983. A private corporation cannot be liable under Section 1983 solely on the basis of respondeat superior or vicarious liability, but only upon a showing of a corporate policy or practice. Street v. Corrections Corporation of America, 102 F.3d 810, 818 (6th Cir. 1996). The Sixth Circuit has outlined how the Section 1983 applies to a prisoner's medical care:

> As applied to prisoners, this constitutional guarantee encompasses a right to medical care for serious medical needs, including psychological needs. However, the Eighth Amendment prohibits mistreatment only if it is tantamount to "punishment," and thus courts have imposed liability upon prison officials only where they are "so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain." A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Negligence or medical malpractice alone cannot sustain an Eighth Amendment claim, absent a showing of deliberate indifference.

Perez v. Oakland County, 466 F.3d 416, 423 (6th Cir. 2006) (citations omitted).

Plaintiff fails to demonstrate that Defendant Emergi-Trust P.C. acted under color of state law nor alleged any facts suggesting an error or omission caused by Defendant Emergi-Trust's policy on emergency room treatment. Plaintiff does not allege any facts to suggest Defendant Emergi-Trust's involvement in these events beyond Plaintiff's visit to an emergency room where he was treated for his injuries.

For the reasons set forth above, Defendant Emergi-Trust P.C.'s motion for summary judgment (Docket Entry No. 19) is granted. Plaintiff's claims against the Defendant Emergi-Trust P.C. are dismissed with prejudice.

An appropriate order is filed herewith.

**ENTERED** this the 27th day of July, 2011.

                                              WILLIAM J. HAYNES, JR.
                                              United States District Judge