UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN GRAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:10-1177 |
| ) | Judge Haynes/Bryant |
| WILLIAMSON COUNTY, TENNESSEE ) | |
| and EMERGI-TRUST, P.C., ) | |
| ) | |
| Defendants. ) | |

TO: The Honorable William J. Haynes, Jr.

## REPORT AND RECOMMENDATION

For the reasons stated below in this report, the undersigned Magistrate Judge **recommends** that the complaint be **dismissed** without prejudice based upon plaintiff's failure to prosecute this action and his failure to provide the Clerk with his current mailing address.

## Statement of the Case

On December 13, 2010, plaintiff Kevin Graves filed his complaint pursuant to 42 U.S.C. § 1983 alleging that defendants Williamson County and Emergi-Trust, P.C. violated his constitutional rights under the Eighth Amendment of the United States Constitution by their deliberate indifference to his serious medical needs and other allegedly unconstitutional conditions of confinement while plaintiff was an inmate at the Williamson County Jail in March 2010 (Docket Entry No. 1). Both defendants filed answers denying liability (Docket Entry Nos. 17 and 18). Thereafter, the Court granted the motion for summary judgment filed

on behalf of defendant Emergi-Trust and dismissed claims against that defendant (Docket Entry No. 36).

On July 15, 2011, Terrance McNabb filed his motion seeking leave to withdraw as counsel for plaintiff (Docket Entry No. 30). As grounds for this motion, Mr. McNabb stated that an "irreconcilable conflict exists between Counsel and Plaintiff that compromises Counsel's ability to continue in this case." Mr. McNabb's motion was granted, and plaintiff was afforded 30 days within which to secure a new lawyer or, alternatively, be deemed to be proceeding pro se (Docket Entry No. 32). Since Mr. McNabb was granted leave to withdraw, no new lawyer has entered an appearance on behalf of plaintiff. Moreover, numerous items of mail addressed to the plaintiff at his address of record have been returned to the Clerk's Office by the Post Office marked "Return to sender. Attempted not known. Unable to forward." (Docket Entry Nos. 38, 41, 42, 43, 44, 45, 48, and 49).

On September 1, 2011, the undersigned Magistrate Judge issued an order setting a telephone conference for the morning of Friday, September 16, 2011 (Docket Entry No. 50). This order instructed the plaintiff to call the undersigned's office prior to the scheduled telephone conference to provide a telephone number where plaintiff could be reached at the time of the conference. This order further admonished plaintiff that his failure to comply with this order may cause the undersigned Magistrate Judge to

2

recommend that his case be dismissed for failure to prosecute.

Plaintiff failed to provide his telephone number as ordered, and did not participate in the telephone case management conference on September 16, 2011. The record fails to indicate that plaintiff received a copy of the Court's order setting this telephone conference mailed to him by the Clerk. During the conference, counsel for defendant provided the Court with another mailing address, identified to be that of plaintiff's mother, that she had received earlier in response to written discovery. This address appears below in this report and recommendation.

From the foregoing facts, the undersigned Magistrate Judge finds that plaintiff has failed to provide the Clerk with his current mailing address and telephone number and that he has failed to prosecute this case.

### **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the complaint be **DISMISSED** without prejudice for plaintiff's failure to prosecute and his failure to provide the Clerk with his current address and telephone number.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any

3

objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**The Clerk is directed to mail a copy of this report and recommendation to plaintiff both at his current address of record and also to plaintiff at the following address: 505 Bell Trace Lane, Antioch, Tennessee 37013.**

**ENTERED** this 16th day of September 2011.

s/ John S. Bryant<br>
JOHN S. BRYANT<br>
United States Magistrate Judge